Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2173 | **DATE** | 3/27/2013 |
| **CASE TITLE** | Samuel Villalobos (B-71884) vs. Nedra Chandler | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion for attorney assistance [3] is denied. The court will grant Petitioner's request for additional time to file a motion for leave to proceed *in forma pauperis*. Petitioner is given until April 22, 2013, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form. Petitioner is warned that failure to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by April 22, 2013 will result in the dismissal of the instant action.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　　This matter is before the court on Petitioner Samuel Villalobos' (Villalobos) motion for attorney assistance in accordance with *Ray v. Wexford Health Sources, Inc.*, 2013 WL 452769 (7th Cir. 2013); *see also, e.g., Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296 (1989); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007). An indigent civil litigant does not have a right to the assistance of counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can request that counsel voluntarily assist indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to request the voluntary assistance of counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent

| STATEMENT |
|---|

litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for attorney assistance, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse," and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Villalobos has not shown that he is financially unable to afford counsel. In addition, Villalobos has not shown that this case is overly complex or difficult, factually or legally. The court has considered the entire record in this case at this juncture, as it reflects on Villalobos' ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. The court concludes that, based upon the record before the court, Villalobos is competent to present his case at this juncture without the assistance of counsel. Therefore, the motion for attorney assistance is denied.

The docket does not reflect that Villalobos has paid the filing fee in this action. The docket reflects that on March 21, 2013, the Clerk of Court received a letter from Villalobos. Villalobos indicates that he intends to file a motion for leave to proceed *in forma pauperis*, but needs additional time to obtain his prison trust account statement. The court will grant Villalobos' request for additional time to file a motion for leave to proceed *in forma pauperis*. Villalobos is given until April 22, 2013, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form. Villalobos is warned that failure to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by April 22, 2013 will result in the dismissal of the instant action.